[No. 16723. Department Two. December 22, 1921.]

ANNA SILLS, *Respondent,* v. S. J. SILLS, *Appellant.*[1]

DIVORCE (36)—GROUNDS—EVIDENCE—SUFFICIENCY. A decree of divorce awarded a wife, is supported by evidence that the husband maintained a room in an apartment house owned by him and a former wife, using a kitchen in common with her, and that he had treated plaintiff with some physical violence and called her vile names.

SAME (80)—DIVISION OF PROPERTY—EXCESSIVE AWARD. Where the court had made a fair division of the real property of spouses on decreeing a divorce, an order directing the cancellation of a $750 note given by plaintiff to defendant prior to their marriage for money borrowed by her to make a property settlement with her former husband from whom she was divorced was excessive, and should be modified by striking the money judgment in favor of plaintiff.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered February 9, 1921, in favor of the plaintiff, in an action for divorce, tried to the court. Modified.

*Wm. Sheller,* for appellant.

Hovey, J.—By the judgment of the trial court, the respondent was granted a decree of divorce and an award of certain property out of the separate property of the appellant. Respondent makes no appearance in this court.

The parties intermarried in this state on March 24, 1920, and the action for the divorce was commenced the following October. The respondent is the mother of six children, the eldest being seventeen years of age and the youngest four, all by her former marriage. She has been twice divorced, both times from the same husband. The appellant is fifty-seven years of age and has been married twice before, being divorced from his

[1]Reported in 202 Pac. 969.

first wife, and his marriage to his second wife being annulled. At the time of her marriage, the respondent was possessed of real property of the value of about $7,500, and the appellant was possessed of considerable property, the value of the same being in dispute, the testimony of the respondent showing it to be worth about $25,000, and that of the appellant that it is worth about $14,000. As against this, the appellant is indebted in about the sum of $5,000.

The appellant assigns two errors:.

First. That the court erred in finding sufficient grounds for the divorce.

Second. That the court abused its discretion in awarding any of the said property to the respondent.

The evidence shows that the appellant is a man accustomed to business and deals principally in real estate. The parties were well acquainted with each other for several months prior to their marriage, and during all the time the family of respondent resided with her and appellant was well informed as to the obligations which he was assuming. As it often happens in cases where people of mature years marry where one of them has a family of young children, a good deal of irritation and friction developed. The evidence shows that the respondent was a good housekeeper and provided a comfortable home, but that appellant never fully took up his duties as a husband, but spent a large portion of his time in rooms which he maintained in an apartment house belonging to himself and his former wife. This apartment house seems to have been handled by both the appellant and his former wife, and the latter maintained her residence there also, using a common kitchen with the appellant, and appellant kept most of his clothing in the rooms in the apartment house. He was more or less in the company of his

former wife, and while the lower court found there was no evidence showing that their relations were of an improper nature, it is admitted that this conduct was in opposition to the wishes of his present wife and would naturally cause her a great deal of humiliation. The wife testifies that, in the month of August, the appellant awoke her in the middle of the night, treated her with some physical violence, and applied to her some very vile names. The husband denies part of these allegations, but the evidence shows that the parties separated after this, and the lower court found, from certain corroborative evidence, that the wife's story was to be believed, and we think he was justified in so finding. The record contains evidence as to many more matters, but we will not further relate them, as we believe that the judgment of the lower court in granting the divorce is fully justified.

Prior to her marriage, the respondent had contracted to purchase certain property, known as the "Delta property," from the appellant and another man who was a joint owner. The purchase price was $2,600, and respondent paid on account of the same about $600. Afterward appellant purchased the interest of his coowner, and in the decree the court awarded the entire property to the respondent. About the time of their marriage, respondent borrowed from appellant the sum of $750, and gave her note therefor, this money being used by the respondent in a property settlement with her former husband. At the time of the trial, the appellant had pledged this note as security for a loan, and in the decree the court ordered the cancellation of this note, and in case that could not be secured, the decree provides that the respondent shall have judgment against the appellant for the amount of the note. We think that, under the circumstances

of the case, the award made to respondent was too large.

In our opinion, the respondent should pay the sum represented by this note, and the decree will be modified to require her so to do, and the provision for the money judgment in favor of respondent will be stricken. In all other respects the decree will be affirmed. Neither party to recover costs.

PARKER, C. J., HOLCOMB, and MACKINTOSH, JJ., concur.